```
1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
2  PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  DARRASLAW
   3257 East Guasti Road, Suite 300
4  Ontario, California 91761-1227
   Telephone:  (909) 390-3770
5  Facsimile:  (909) 974-2121
6
   Attorneys for Plaintiff
7  MILDRED STALLING
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MILDRED STALLING,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
|---|---|

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that National

Passenger Railroad Corporation (Amtrak) Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by National Passenger Railroad Corporation (Amtrak) to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, Mildred Stalling ("Plaintiff" and/or "Ms. Stalling"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of National Passenger Railroad Corporation (Amtrak), its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-980293 that had been issued by Defendant LINA to National Passenger Railroad Corporation (Amtrak) to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the

terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 180 days
- Gross Disability Benefit: The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit.
- Minimum Disability Benefit: The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions for Other Income Benefits.
- Maximum Benefit Period: The later of the Employee's Social Security Normal Retirement Age or the Maximum Benefit Period listed below.
    - Age 60 or under: 60 months
- Definition of Disability/Disabled:
    - The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
        - unable to perform the material duties of his or her Regular Occupation; and
        - unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
    - After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
    - unable to perform the material and substantial duties of any occupation for which he or she is, or may reasonably become qualified based on education, training, or experience; and
    - unable to earn 60% or more of his or her Indexed Earnings.

10. Prior to her disability under the terms of the Plan, on or about May 16, 2016, Plaintiff, who had been employed with National Passenger Railroad Corporation, was working as an On Board Service Manager.

11. Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. However, on or about December 22, 2016, LINA unreasonably and unlawfully denied Plaintiff's claim.

13. Plaintiff subsequently appealed LINA's denial.

14. On or about March 17, 2017, LINA unreasonably and unlawfully upheld its denial of Plaintiff's benefits.

15. Plaintiff subsequently appealed LINA's March 17, 2017 denial.

16. On or about June 28, 2017, LINA unreasonably and unlawfully upheld its denial of Plaintiff's benefits.

17. According to LINA's denial letters:

- **December 22, 2016:** "After completing our review of your claim, we are unable to approve your claim for benefits."
- **March 17, 2017:** "After completing our review of your claim, we must uphold our prior decision to deny your claim…A second appeal request is not required but will be accepted if you have different or additional information to submit."
- **June 28, 2017:** "After completing our review of your claim, we must uphold our prior decision to deny your claim…you have the right to bring legal action for benefits under the Employee Retirement Income Security Act of 1974…"

18. In so doing, LINA unreasonably and unlawfully relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of Plaintiff's occupation instead of taking into consideration the non-exertional requirements of Plaintiff's own, or any, occupation; and misrepresented the terms of the Policy.

19. Additionally, LINA knew, or should have known, that the documentation

submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- 4/5/16 Michelle C. Powell, D.O. –Statement of Disability
    - Is the employee now able to return to work without restrictions?
        - No
    - Clinical findings: persistent nausea, vomiting with fatigue and weight loss
- 5/17/16 Michelle C. Powell, D.O. –Treating Physician Medical Status Report- Statement of Disability
    - Does the above individual currently have any physical or mental limitations that interfere with the patient's ability to travel to and from work, be at work, or perform assigned duties at work?
        - Yes: uncontrolled hypertension; unable to work
    - The patient is totally temporarily disabled
- 5/17/16 Michelle C. Powell, D.O. –Statement of Disability
    - Please provide the job functions the employee is unable to perform:
        - travel, focused attention, computer work
    - Describe relevant medical facts related to the condition for which the employee seeks leave:
        - dizziness, chest pain, joint, blurry vision, nausea
    - Will the condition cause episodic flare-ups periodically preventing the employee from performing his or her functions?
        - Yes; unable to focus and perform work
    - Additional information: severe fatigue, joint pain
- 5/17/16 Michelle C. Powell, D.O. –Office visit note
    - Physical exam: in acute discomfort from pain
- 8/2/16 Triple phase renal scan
    - Atrophic right kidney with differential function of 20%

COMPLAINT

- Mild right pelvocaliectasis with mild dilation of the ureter to the level of the ureterovesicular junction which persists throughout the study, findings likely represent some degree of obstruction at the ureterovesicular junction.
- <u>8/12/16 Michelle C. Powell, D.O. –Statement of Disability</u>
  - Is the employee now able to return to work without restrictions?
    - No
  - Clinical findings: fatigue, constant nausea
- <u>8/16/16 Retrograde Pyelogram</u>
  - Retrograde filling of the right ureter and mildly hydronephrotic right renal collecting system. Narrowing and small filling defects within the pelvic portion of the ureter.
- <u>8/16/16 Operative Report- Cystoscopy, right retrograde pyelogram, right ureteroscopy, stent placement</u>
- <u>10/10/16 William Imlach, D.O. –Statement of Disability</u>
  - Is the employee now able to return to work without restrictions?
    - No
- <u>10/20/16 Margaret Mueller, M.D. New patient consult</u>
  - Physical exam:
    - Pelvic floor muscle exam: strength 0 out of 5, tenderness.
    - Notation of tenderness: pelvic floor
- <u>11/29/16 Lauren T. Mansell, PT Visit Summary</u>
  - Objective:
    - Trigger Points:
      - Abdominals- suprapubic
      - Lumbar paraspinal muscles, bilateral, left great than the right
      - Quad Lumborum - bilateral, left greater than the right
      - Glutes- superior with clenching/guarding

|     |     |
| --- | --- |
| 1 |       o Adductors- Bilateral left greater than the right |
| 2 |       o PF-bilateral, left greater than the right |
| 3 |       o OI- Left |

- 11/10/16 Lauren T. Mansell, PT Visit Summary
  - Pelvic floor muscle exam:
    - Assessment: Increased spasms and tightness left great than right
- 12/19/16 Lauren T. Mansell, PT Visit Summary
  - Objective:
    - Trigger Points:
      - Abdominals- suprapubic
      - Lumbar paraspinal muscles, bilateral, left great than the right
      - Quad Lumborum- bilateral, left greater than the right
      - Glutes- superior with clenching/guarding
      - Adductors- Bilateral left greater than the right
      - PF-bilateral, left greater than the right
      - OI- Left
- 12/31/16 MR Pelvis
  - The bladder is moderately distended with mild bilateral pelviectasis, right greater than left. The small right kidney may be secondary to renal artery stenosis, prior infection, or reflux.
- 1/24/17 Albara J. Said, M.D. Office visit note
  - Assessment: smaller right kidney
- 2/27/17 Margaret Mueller, M.D. Office visit note
  - Physical exam:
    - GU: hypertonic and severely tender levators and obturators bilaterally (Right greater than Left) zero out of five pelvic floor strength.

///

- <u>3/16/17 William Imlach, D.O.-Office visit note</u>
    - Physical exam:
        - Abdomen: diffuse tenderness to deep palpation
- <u>3/30/17 Dr. Swavely and Richard Pope, M.D. - Rheumatology Consult Note</u>
    - Serologies 2017: Rheumatoid factor positive- 25, ANA 1:40 speckled

20. To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to: failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and, failing to provide a complete copy of all documents, records, and other information relevant to her claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physicians' opinions do not serve as substantial evidence, as they are not supported by evidence in the claim file, were not issued by physicians with the same level of medical expertise as the board certified treating physicians, nor are they consistent with the overall evidence in the claim file.

COMPLAINT

21. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

22. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

23. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about November 12, 2016 to the present date.

24. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

25. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan's definitions of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits which include, but are not limited to reimbursement of all

DarrasLaw

expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid to Plaintiff beginning on or about November 12, 2016 together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid, plus all other benefits from the Plan to which she might be entitled while receiving disability benefits which included but are not limited to reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits provided under the plan so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: August 31, 2017

DarrasLaw

_____
PHILLIP S. BATHER
Attorneys for Plaintiff
MILDRED STALLING